IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARION CHAMBERS, ID # 05271-045, | ) | |
| | ) | |
| vs. | ) | No. 3:06-CV-0407-G (BH) |
| | ) | ECF |
| DAN JOSLIN, | ) | Referred to U.S. Magistrate Judge |
|       Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in a federal prison located in Seagoville, Texas, filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the manner in which he is serving his federal sentence and the calculation of credit to his federal sentence by the Bureau of Prisons (BOP). He names Dan Joslin, former Warden of the Seagoville facility, as respondent.[1]

**B. Factual and Procedural History[2]**

Petitioner was arrested by state authorities in Missouri on November 18, 1988. He was transferred to the United States Marshal's Service on March 24, 1989, due to an active federal warrant. He was released from federal custody on bond on March 27, 1989, and absconded until his

---

[1] Although the Warden is the proper respondent for this action, the Court will often refer to the respondent as "the government" because petitioner complains of acts and omissions of a governmental agency (the BOP), and the Warden is a representative of the government.

[2] The filings in this case provide the factual and procedural history for this case.

arrest by local authorities in California on February 14, 1991. The State of California sentenced him to four years imprisonment on June 13, 1991, and the trial court specifically ordered the state sentence to run concurrently with petitioner's yet-to-be-imposed federal sentence. On January 30, 1992, the United States District Court for the Western District of Missouri sentenced petitioner to 295 months incarceration in *United States v. Chambers*, No. 4:89-0030-01 (W.D. Mo.). On May 14, 1992, the federal court ordered petitioner to be transferred to the custody of the BOP for service of his federal sentence, which was to be construed as concurrent with the previously imposed state sentence. On June 21, 1993, California removed its detainer because petitioner had satisfied his state sentence as of that date. On June 28, 1999, the federal court resentenced petitioner to 292 months imprisonment.

In March 2006, petitioner filed the instant action. He claims that in light of the concurrent state and federal sentences, he is entitled to credit to his federal sentence for time spent in state custody prior to imposition of the federal sentence. He seeks credit to his federal sentence from June 13, 1991, the date he received his state sentence, to January 29, 1992, the day prior to the imposition of his federal sentence.

On June 19, 2006, respondent filed a motion to dismiss or deny the instant petition[3] on the basis that it has properly determined the duration of petitioner's sentence and has properly credited all time served. It submits that it has credited petitioner's federal sentence for the date of his initial arrest (November 18, 1988), the time he was in federal custody prior to absconding (March 24, 1989 through March 27, 1989), and the time in custody prior to his state court sentencing (February 14,

---

[3] Although the government indicates that it also provided exhibits with the motion to dismiss, including an Exhibit E purportedly submitted under seal, the records of this Court reflect receipt of no such exhibits. Because the facts are essentially uncontested, the Court finds no need for the exhibits at this time.

1991 through June 12, 1991).[4]  It argues that to the extent petitioner claims that his federal sentence should be adjusted pursuant to USSG § 5G1.3(b), such adjustment falls within the modification of the sentence under 28 U.S.C. § 2255, not § 2241.  It concludes by urging the Court to dismiss the instant petition.

On July 6, 2006, the Court received petitioner's response to the government's motion to dismiss.  He therein disagrees that an adjustment under § 5G1.3(b) falls outside this Court's jurisdiction, and reasserts § 2241 as the basis for this action.  He prays that the Court grant his requested credit.  Alternatively, he asks the Court to order the BOP to consider his request for concurrent service of his sentences as a request for *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b).

## II.  RELIEF UNDER § 2241

A petitioner is entitled to a writ of habeas corpus under 28 U.S.C. § 2241 only to remedy his restraint of liberty in violation of the constitution, treaties, or laws of the United States.  *See United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952).  "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

A petition filed under § 2241 "is not . . . a substitute for a motion under § 2255."  *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  A motion under § 2255 "provides the primary means of collaterally attacking a federal conviction and sentence.  Relief under this section is warranted for

---

[4] The motion to dismiss actually states that petitioner was given credit for the time between February 14, 1991, and June 21, 1991.  Because petitioner provides records to show that he was sentenced in California on June 13, 1991, the reference to June 21, 1991, appears to be a simple transposing of digits.

errors that occurred at trial or sentencing." *Id.* "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).

In this instance, petitioner specifically challenges the manner in which he is serving his federal sentence and the calculation of credit to his federal sentence. Such challenges properly fall under 28 U.S.C. § 2241. *See Jeffers*, 253 F.3d at 830 (stating that "[s]ection 2241 is correctly used to attack the manner in which a sentence is executed"); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). "The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District Court wherein the petitioner is incarcerated, and naming the warden of the federal facility as a respondent." *United States v. Smith*, 101 F. Supp. 2d 332, 338 (W.D. Pa. 2000); *accord Leal v. Tombone*, 341 F.3d 427, 427-28 (5th Cir. 2003) (considering similar challenge in context of a § 2241 petition). In addition, § 2241 provides the proper vehicle to challenge a refusal of the BOP to enter a *nunc pro tunc* designation of "the state prison as the first place of confinement for [an inmate's] federal sentence." *See Rodriguez v. Pitzer*, No. 03-40040, 2003 WL 21805912, at *1 (5th Cir. Aug. 7, 2003) (per curiam).

While recognizing that § 2241 provides a proper jurisdictional basis for petitioner's sentence credit challenge, the government also argues that petitioner seeks to modify his federal sentence by referring to USSG § 5G1.3(b). Such modification may be made pursuant to 28 U.S.C. § 2255 only in the district of conviction. *See* 28 U.S.C. § 2255; *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). The convicting court – in this instance, the United States District Court for the Western District

of Missouri – has exclusive jurisdiction over an action filed under § 2255. An argument made pursuant to § 5G1.3(b) "relates to an error that occurred at sentencing and thus should not be considered in [a] § 2241 action." *Falcetta v. United States*, 155 Fed. App'x 762 (5th Cir. 2005) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)). To the extent petitioner relies on § 5G1.3(b), he seeks a modification of his federal sentence, and this Court lacks jurisdiction to provide such relief.

Although petitioner may not seek modification of his federal sentence through this § 2241 action, § 2241 provides the proper vehicle for his challenge to the calculation of sentencing credits related to his federal sentence. Petitioner specifically requests sentence credit for time served on his state sentence prior to imposition of the federal sentence.

The government argues that the computation of federal sentences is delegated to the BOP, and such computation requires a determination of when the federal sentence commences 18 U.S.C. § 3585(a) and the extent to which a defendant may receive credit under § 3585(b) for time spent in custody prior to commencement. It asserts that petitioner's federal sentence began to run on January 30, 2002, the date the Western District of Missouri imposed its sentence. It further asserts that it is unable to grant credit for time served prior to the imposition of his federal sentence. Section 3585 of Title 18 of the United States Code addresses the sentencing computations.

### III. SENTENCING CALCULATION UNDER 18 U.S.C. § 3585

"Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995). The statute provides:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to,

5

>or arrives voluntarily at, the official detention facility at which the sentence is to be served.
>
>**(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>>**(1)** as a result of the offense for which the sentence was imposed; or
>>
>>**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>that has not been credited against another sentence.

This statute covers two distinct sentencing situations. Subsection (a) determines the time at which a defendant's sentence commences for purposes of executing his or her federal sentence. Subsection (b), in contrast, determines whether a defendant will receive credit toward his or her federal sentence for time spent in "official detention" *prior to* the time the federal sentence "commences" within the meaning of subsection (a). Subsection (b) makes clear "that credit is awarded only for *pre-sentence* restraints on liberty." *Koray*, 515 U.S. at 56.

In this § 2241 action, the issue is whether petitioner's federal sentence should be credited for time spent in state custody between the date of his California sentence (June 13, 1991) and the date the Western District of Missouri imposed his federal sentence (January 29, 1992). The BOP has computed petitioner's federal sentence as commencing on January 30, 2002. Such computation shows that the BOP designated the state prison facility as the first place of incarceration for petitioner's federal sentence because on May 14, 1992, the Western District of Missouri ordered that petitioner be transferred to federal custody for service of his sentence.

Whether or not petitioner's incarceration in state custody equates to "official detention" within the meaning of § 3585, *see Aldridge v. Wendt*, No. 3:03-CV-1052-R, 2004 WL 1217934, at

6

*5-6 (N.D. Tex. June 3, 2004) (findings, conclusions, and recommendation noting a strict reading of "official detention), *accepted by* 2004 WL 1368275 (N.D. Tex. June 16, 2004), *aff'd*, No. 04-10982, 2005 WL 2055929 (5th Cir. Aug. 26, 2005) (per curiam), petitioner is entitled to no "credit against his sentence of imprisonment" under § 3585(b) for any time prior to January 30, 2002 that was credited to his state sentence. Section 3585(b) specifically excludes from the calculation time that has been "credited against another sentence." In this case, petitioner commenced his state sentence on June 13, 2001, and received credit to that sentence for all time served from that date through the date his federal sentence commenced on January 30, 2002. Accordingly, the Court can find no violation of § 3585(b).

For all of these reasons, petitioner is not entitled to credit to his federal sentence for time spent serving his state sentence prior to imposition of his federal sentence. The BOP has properly calculated petitioner's sentence in accordance with § 3585. It appears that it has also designated the state facility as the first place for service of the federal sentence as reflected by the calculation of petitioner's federal sentence commencing on January 30, 2002, and subsequent transfer of petitioner to federal custody on May 14, 1992. Consequently, the BOP had no need to enter a *nunc pro tunc* designation of that facility as the initial place for service of petitioner's federal sentence. To obtain credit for that portion of state sentence served prior to imposition of his federal sentence, petitioner must obtain an adjustment of his federal sentence pursuant to USSG § 5b1.3(b)(1).[5]

---

[5] It is undisputed in this case that the federal sentencing court intended that petitioner's state and federal sentences run concurrently. However, the federal sentencing court made no specific adjustment to the federal sentence for any period of imprisonment served prior to imposition of petitioner's federal sentence. Although USSG § 5G1.3 addresses the imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment, petitioner apparently received no adjustment under § 5G1.3. It is not for this Court to provide a § 5G1.3 adjustment to petitioner's federal sentence through § 2241.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **GRANT** respondent's motion to dismiss and **DISMISS** the instant petition filed pursuant to 28 U.S.C. § 2241 for the failure of petitioner to state a claim upon which relief can be granted.

**SIGNED this 21st day of February, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE